UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL MITCHELL, | : | |
|     Petitioner, | : | |
| | : | Case No. 3:17cv762(MPS) |
| v. | : | |
| | : | |
| COMMISSIONER OF CORRECTION, | : | |
|     Respondent. | : | |

## RULING ON MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AND MOTION FOR APPOINTMENT OF COUNSEL

The petitioner, Michael A. Mitchell, currently resides in Westport, Connecticut. He initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2014 Connecticut convictions for evading responsibility, operating a motor vehicle while under the influence, and operating a motor vehicle with a suspended registration or license. *See* Pet. Writ Habeas Corpus, ECF No. 1. On December 5, 2017, the petitioner filed an amended petition for writ of habeas corpus and on December 21, 2017, the petitioner filed a second amended petition for writ of habeas corpus. *See* Am. Pet. Writ Habeas Corpus, ECF No. 10; Second Am. Pet. Writ Habeas Corpus, ECF No. 12. Pending before the court is the respondent's motion to dismiss the second amended complaint and the petitioner's motion for the appointment of counsel. For the reasons that follow, the motion for appointment of counsel will be denied and the motion to dismiss will be granted.

**I.     Motion for Appointment of Counsel [ECF No. 23]**

A petitioner does not have a constitutional right to counsel in a collateral challenge to a conviction or sentence. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, . . . and we decline to so hold today."). A district judge, however, has discretion to

appoint counsel for a financially eligible section 2254 petitioner "whenever . . . the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Furthermore, if a district judge determines that a hearing is necessary, and justice requires it, he or she must appoint counsel to represent the petitioner. *See* Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts.

As indicated above, the respondent has moved to dismiss the second amended petition. In view of the grounds raised by the respondent in support of the motion to dismiss, the court concludes that justice does not require the appointment of counsel because the appointment of even experienced, competent counsel would not make timely the petitioner's untimely petition. Nor is a hearing necessary. Accordingly, the motion for appointment of counsel is denied.

## II.     Motion to Dismiss [ECF No. 19]

The respondent moves to dismiss the second amended petition on the ground that it is untimely. In the alternative, the respondent argues that the second amended petition is subject to dismissal because it includes unexhausted and procedurally defaulted grounds. Because I agree that the petition is untimely, I dismiss it on that ground and do not reach the other grounds for dismissal asserted by respondent.

### A.     **Procedural Background**

On December 24, 2010, a Westport police officer arrested the petitioner on charges of evading responsibility, operating a motor vehicle while under the influence of an intoxicating liquor or a drug, and operating a motor vehicle with a suspended registration or license. *See State v. Mitchell*, S20N-MV10-0458107-S (Original Arrest Date – Dec. 24, 2010).[1] On January 16, 2014,

---

[1] Information regarding the plaintiff's arrest, conviction, and sentence may be found at: http://www.jud.ct.gov/jud2.htm under Criminal/Motor Vehicle Case Look-up, Convictions—Search by Docket Number using Case Number S20N-MV10-0458107-S.

after a trial in the Connecticut Superior Court for the Judicial District of Stamford/Norwalk, a jury convicted the petitioner of one count of evading responsibility in violation of Connecticut General Statutes § 14-224(b), one count of illegally operating a motor vehicle while under the influence of an intoxicating liquor or a drug in violation of Connecticut General Statutes § 14-227a(a)(1), and one count of illegally operating a motor vehicle with a suspended registration or license in violation of Connecticut General Statutes § 14-215(c)(3). *See id.* (Verdict Finding and Date – Jan. 16, 2014). On March 18, 2014, a judge sentenced the petitioner to eight months of imprisonment on the count of evading responsibility, three years of imprisonment on the count of operating a motor vehicle while under the influence, and three years of imprisonment, execution suspended after one year of imprisonment, and followed by three years of probation on the count of operating a motor vehicle with a suspended registration or license. *See id.* (Description of Sentences). The petitioner's total effective sentence was four years and eight months, followed by three years of probation.

The petitioner states that he filed an appeal of his convictions in the Connecticut Appellate Court. *See* Second Am. Pet. Writ Habeas Corpus at 3-4. He sought to raise the following four grounds in support of the appeal: (1) the trial judge deprived him of his right to a speedy trial; (2) the prosecution and the trial judge withheld evidence from him in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (3) his criminal attorney rendered ineffective assistance prior to and during trial; and (4) the State of Connecticut suborned perjury. *See id.* Counsel assigned to represent the petitioner on direct appeal determined that there was only one meritorious claim to be raised. *See id.* at 4; Mem. Supp. Mot. Dismiss, ECF No. 20-4, App. D. The nature of the claim that counsel thought was meritorious is not clear from the second amended petition filed in this action or the respondent's memorandum in support of the motion to dismiss or the appendices filed in support of the

3

memorandum.  In any event, because the petitioner disagreed with counsel's advice with regard to asserting only one claim on appeal and sought to have counsel assert all of the claims that he believed were meritorious, in early March 2015, the petitioner moved to have counsel withdraw.  *See* Mem. Supp. Mot. Dismiss, ECF Nos. 20-3, 20-4, Apps. C, D.   The petitioner did not request that a new attorney be appointed to represent him on appeal.  *See id.* App. C.

On March 16, 2015, an Assistant Clerk of the Appellate Court informed the petitioner and appellate counsel that the trial court had granted the petitioner's motion to have appellate counsel withdraw as his attorney.  *See id.*, ECF No. 20-9, App. I at 23.  The Clerk stated that she would send the petitioner an appearance form and inform him that his appellate brief was due on or before June 12, 2015.  *See id.*  On July 28, 2015, the Connecticut Appellate Court extended the time for the petitioner to file his appellate brief until September 15, 2015.  *See State v. Mitchell*, AC 36802 (Dkt. Entry July 28, 2015)[2]; Mem. Supp. Mot. Dismiss, ECF No. 20-9; App. I at 22-23.  On October 21, 2015, after a hearing, the Appellate Court permitted the petitioner one final extension of time until November 20, 2015 to file his appellate brief in handwritten form.  *See id.* (Dkt. Entry Oct. 21, 2015); Mem. Supp. Mot. Dismiss, App. I at 21.  On December 7, 2015, the Connecticut Appellate Court dismissed the petitioner's appeal because he had not filed a brief within the time specified in the October 21, 2015 order.  *See id.* (Dkt. Entry Dec. 7, 2015) App. I at 18.  The petitioner did not file a petition for certification with the Connecticut Supreme Court to challenge the Connecticut Appellate Court's dismissal of his appeal.

---

[2]  Information and docket entries pertaining to the direct appeal of the petitioner's conviction and sentence to the Connecticut Appellate Court may be found at: http://www.jud.ct.gov/jud2.htm under Supreme and Appellate Court Case Look-up, By Docket Number using Case Number 36802.

On August 25, 2016, the petitioner filed a petition for writ of habeas corpus in this court challenging his 2014 convictions for evading responsibility, operating a motor vehicle while under the influence, and operating a motor vehicle with a suspended registration or license. *See Mitchell v. Comm'r of Correction*, Case No. 3:16cv1452(MPS) (Pet. Writ Habeas Corpus, ECF No. 1). He raised five grounds in the petition: (1) the trial judge refused to set a reasonable bond amount for his release in an effort to deny him effective assistance of counsel; (2) his appointed attorneys rendered ineffective assistance before and during trial; (3) the State of Connecticut and/or the police withheld exculpatory evidence; (4) the trial judge denied or refused to consider his motion for a speedy trial; and (5) the State of Connecticut suborned perjury. *See id.* at 22. On November 15, 2016, the court determined that the ground asserting an ineffective assistance of trial counsel claim had not been raised in a state habeas petition and that the other four grounds had not been raised on direct appeal because the Connecticut Appellate Court had dismissed the appeal for the petitioner's failure to file a brief and the petitioner had not filed a petition for certification to appeal the dismissal to the Connecticut Supreme Court. *See id.* (Ruling on Pet. Writ Habeas Corpus, ECF No. 8, at 4-6). As such, no ground had been fully exhausted. *See id.* The court concluded that it was not appropriate to deem any ground as having been exhausted because the petitioner was not procedurally barred from seeking review of each claim in state court.[3] *See id.* at 7-8. Accordingly, the court dismissed the

---

[3] The court observed that the petitioner was not precluded from exhausting the grounds that he sought to raise on direct appeal—grounds one, three, four, and five—by filing a motion to reopen the dismissal of the direct appeal of his conviction by the Connecticut Appellate Court, and that he could exhaust the ground asserting ineffective assistance of trial counsel—ground two—by filing a state habeas petition. *See id.* at 6-7. The court also concluded that the Second Circuit's recommendation that district courts stay a petition that contained both exhausted and unexhausted claims to permit a party to return to state court to exhaust the unexhausted claims "where an outright dismissal could jeopardize the timeliness of a collateral attack" was not applicable to the case because none of the claims had been exhausted. *See id.* at 8 n.4 (quoting *Zarvela v. Artuz*, 254 F.3d 374,

5

petition without prejudice for the petitioner's failure to exhaust his state court remedies as to any of the grounds asserted in the petition. *See id.* at 8.

The petitioner did not file a motion to vacate the dismissal of his direct appeal by the Connecticut Appellate Court until March 2, 2017. *See State v. Mitchell, AC 36802* (Dkt. Entry Mar. 2, 2017) (Mot. Vacate/Reopen Dismissal of Appeal); Mem. Supp. Mot. Dismiss, ECF No. 20-5; App. E. The court accepted his type-written motion to vacate for filing. *See id.* On March 20, 2017, the Appellate Court denied the motion to vacate. *See id.* (Dkt. Entry Mar. 20, 2017) (Order Denying March 2, 2017 Mot. Vacate/Reopen Dismissal of Appeal); Mem. Supp. Mot. Dismiss, ECF No. 20-9, App. I at 9. On March 31, 2017, the petitioner filed a petition for certification to appeal the decision of the Connecticut Appellate Court. *See* Mem. Supp. Mot. Dismiss, ECF No. 20-8, App. H (Petition for Certification filed in *State v. Mitchell*, SC 160395). The State of Connecticut filed opposition to the petition for certification. *See id.* Mem. Supp. Mot. Dismiss, ECF No. 20-9, App. I at 2-8 (Opposition to Petition for Certification filed in *State v. Mitchell*, SC 160395). On April 26, 2017, the Connecticut Supreme Court denied the petition for certification. See *State v. Mitchell,* 325 Conn. 922, 163 A.3d 620 (2017).

On May 9, 2017, the petitioner initiated this action seeking habeas relief with regard to his 2014 convictions for evading responsibility, operating a motor vehicle while under the influence, and operating a motor vehicle with a suspended registration or license. *See* Pet. Writ Habeas Corpus at 1. 1. The second amended petition, filed on December 21, 2017, includes three grounds: (1) the trial judge denied the petitioner's right to a speedy trial, (2) the prosecution and the trial judge withheld

---

380-83 (2d Cir. 2001) (internal quotation marks and citations omitted).

evidence from him in violation of *Brady*, 373 U.S. 83, and (3) trial counsel afforded the petitioner ineffective assistance. *See* Second. Am. Pet. Writ Habeas Corpus at 12, 15, 17.

### B. Legal Standards

Federal law imposes a one-year statute of limitations on the filing of a federal petition for a writ of habeas corpus challenging a judgment of conviction imposed by a state court. 28 U.S.C. § 2244(d)(1). A state prisoner seeking federal habeas relief must file his petition within one year of the latest of:

> (A) the date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The limitations period may be tolled for the period during which a properly filed state habeas petition is pending. *See* 28 U.S.C. 2244(d)(2).

The doctrine of equitable tolling of the limitations period set forth in 28 U.S.C. § 2244(d) is applicable to habeas petitions filed pursuant to 28 U.S.C. § 2254. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling may be applied in habeas cases only in limited circumstances and requires a petitioner to demonstrate the following two components: (1) that he or she has been pursuing his or her rights diligently and (2) that extraordinary circumstances involving an external obstacle beyond his or her control prevented him or her from filing the petition in a timely manner.

*See id.* at 649 (internal quotation marks and citation omitted). "[E]quitable tolling's two components [are] "elements," not merely factors of indeterminate or commensurable weight." *Menominee Indian Tribe of Wisconsin v. United States*, ___ U.S. ___, 136 S. Ct. 750, 756 (2016) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Thus, the threshold for a petitioner to establish equitable tolling is very high. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.), *cert. denied*, 531 U.S. 840 (2000).

The standard for determining whether a petitioner diligently pursued his or her rights is reasonable diligence. *See id.* (To equitably toll the one-year limitations period, a petitioner "must show that extraordinary circumstances prevented him from filing his petition on time," and he "must have acted with reasonable diligence throughout the period he seeks to toll.") (citation omitted). The court must determine whether the petitioner has shown that he or she "act[ed] as diligently as reasonably could have been expected *under the circumstances*" throughout the entire time period he or she seeks to have the court equitably toll. *Baldayaque v. United States*, 338 F.3d 145, 153 (2d Cir. 2003) (emphasis in original).

Determining whether the circumstances facing a petitioner were extraordinary requires the court to consider "the severity of the obstacle [that] imped[ed] compliance with [the] limitations period." *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011) (citations omitted). The inquiries into extraordinary circumstances and reasonable diligence are related. A petitioner must show "a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000). A petitioner cannot establish the required causal relationship if, "acting with reasonable diligence," he or she "could have timely filed his petition notwithstanding the extraordinary circumstances." *Id.*

8

### C. Discussion

On December 7, 2015, the Connecticut Appellate Court dismissed the petitioner's direct appeal of his conviction. *See State v. Mitchell*, AC 36802 (Dkt. Entry Dec. 7, 2015); Mem. Supp. Mot. Dismiss, ECF No. 20-2, App. B (Appellate Court Case Detail); ECF No. 20-9; App. I at 18 (Order Dismissing Appeal). The petitioner then had twenty days, or until December 27, 2015, to file a petition for certification with the Connecticut Supreme Court. *See* Conn. Practice Book § 84-4(a) ("petition for certification shall be filed within twenty days of (1) the date the opinion is officially released as set forth in Section 71-4 or (2) the issuance of notice of any order or judgment finally determining a cause in the appellate court, whichever is earlier.") The petitioner did not file a petition for certification.

Thus, the petitioner's conviction and sentence became final on December 27, 2015, the date on which his right to file an appeal expired under Connecticut law. *See* 28 U.S.C. § 2244(d)(1)(A); *Rivas v. Fischer*, 687 F.3d 514, 533 (2d Cir. 2012) ("[The statute of limitations] runs from the latest of a number of triggering events, including the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.") (internal quotation marks omitted). The petitioner's filing in 2017 of a motion to vacate the dismissal of his direct appeal, which the Appellate Court denied, did not change the date on which the petitioner's conviction became final. *See Jimenez v. Quarterman*, 555 U.S. 113, 120 n.4 (2009) ("We do not here decide whether petitioner could have sought timely federal habeas relief between October 11, 1997, when the 1–year limitations period initially expired, and September 25, 2002, when the state court ordered that his direct review be reopened. Were such a petition timely, though, it would not be through application of § 2244(d)(1)(A) because we have previously held that the possibility that a

9

state court may reopen direct review does not render convictions and sentences that are no longer subject to direct review nonfinal. . . . We do not depart from that rule here; we merely hold that, where a state court has in fact reopened direct review, the conviction is rendered nonfinal for purposes of § 2244(d)(1)(A) during the pendency of the reopened appeal.") (internal quotation marks omitted); *Bethea v. Girdich*, 293 F.3d 577, 578-79 (2d Cir. 2002) (when defendant does not appeal his conviction, judgment of conviction becomes final for purposes of 28 U.S.C. § 2244(d) when the time for filing a notice of appeal from that judgment expires and the filing of a motion to extend the time to appeal or to file a late notice of appeal does not "restart" the one (1)-year limitations period) (per curiam); *Raynor v. Dufrain*, 28 F. Supp. 2d 896, 898 (S.D.N.Y. 1998) (holding petitioner's contention that the limitations period for filing a federal habeas petition "was extended by his motion for leave to file a late notice of appeal," which the state appellate court subsequently denied, could not be "endorse[d][] because . . . [l]eave to file a late notice of appeal can be sought at any time, even many years after conviction [and] [i]f the one-year period of limitations did not begin to run until such an application for leave to appeal was denied, the one-year statute of limitations would be meaningless; merely by delaying his application for leave to file a late notice of appeal, a petitioner could indefinitely extend the time for seeking habeas relief. . . . We therefore conclude that the one-year limitations period began running on July 10, 1996, the date of the expiration of time for seeking [direct] review . . . .") Thus, the court concludes that limitations period began to run on December 28, 2015, the date the petitioner's conviction became final, and expired on December 28, 2016.

Although the petitioner filed a federal habeas petition on August 25, 2016, the filing of a federal habeas petition does not toll the running of the one-year limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Furthermore, the filing of the motion to vacate or reopen the

dismissal of the direct appeal did not toll the statute of limitations. The petitioner's motion to vacate the dismissal of his direct appeal by the Connecticut Appellate Court was not accepted for filing by the Appellate Clerk until March 2, 2017, more than sixty days after the one-year period of limitations expired.[4]

Because the one-year period set forth in 28 U.S.C. § 2244(d) has been construed as a statute of limitations rather than a jurisdictional bar, federal courts may exercise their discretion to equitably toll the period. *See Holland*, 560 U.S. at 645 (holding that equitable tolling applies to section 2244(d) because, *inter alia*, it is a statute of limitations and not a jurisdictional requisite); *Smith,* 208 F.3d at 17 ("the one-year period is a statute of limitations rather than a jurisdictional bar so that courts may equitably toll the period"). It is well-established, however, that equitable tolling is considered a drastic remedy applicable only in "'rare and exceptional circumstance[s].'" *Martinez v. Superintendent of E. Corr. Facility*, 806 F.3d 27, 31 (2d Cir. 2015), *as corrected* (Nov. 12, 2015) (quoting *Smith*, 208 F.3d at 17); *Harper*, 648 F.3d at 136 ("While equitable tolling is warranted only in "rare and exceptional circumstances . . . courts do not apply its requirements mechanistically,") (internal quotation marks and citations omitted); *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004)

---

[4] The court notes that the docket of the Connecticut Appellate Court reflects that on January 5, 2017, the petitioner signed a handwritten motion to vacate the dismissal of his direct appeal by the Connecticut Appellate Court. *See State v. Mitchell*, AC 36802 (Dkt. Entry Jan. 18, 2017) (Order Returning Motion to Vacate with Copy of Motion Attached). On January 6, 2017, prison officials at Willard-Cybulski mailed the motion to the Connecticut Appellate Court. *See id.* On January 12, 2017, the Appellate Clerk did not accept the motion for filing and returned it to the petitioner because he had not sought or received permission to file it in handwritten form and because the motion included no history, facts or legal grounds to support it. *See id.* Even if the court were to consider the motion to have been properly filed, the present petition is still untimely because more than 365 days passed between the time the direct appeal became final, December 27, 2015, and when the petitioner attempted to file his motion to vacate and reopen the appeal on January 5, 2017. Thus, the limitations period expired before the petitioner attempted to file his handwritten motion to vacate the dismissal of the direct appeal on January 5, 2017.

("Although AEDPA does not provide that its limitations period may be tolled for any reason other than the pendency of a state post-conviction motion, *see* 28 U.S.C. § 2244(d)(2), in "rare and exceptional circumstances" a petitioner may invoke the courts' power to equitably toll the limitations period.") (internal quotation marks and citation omitted). Furthermore, it is the petitioner's burden to show that he or she is entitled to equitable tolling. *See Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008).

The petitioner has filed a memorandum in response to the motion to dismiss but does not address the respondent's argument that the amended petition is barred by the one-year statute of limitations. *See* Pet'r's Mem., ECF No. 22. Instead, he requests that the court hear "all exhausted claims pertaining to his Petition for Writ of Habeas Corpus proceeding." *See id.* at 1. The petitioner does not request that the limitations period be tolled or offer any basis on which to toll the limitations period. Nor does he address the elements requiring diligent pursuit of his rights and the existence of an "extraordinary circumstance" that might have "prevented timely filing," which the Supreme Court has held must both be met to warrant equitable tolling of the limitations period set forth in 28 U.S.C. § 2244(d). *Holland*, 560 U.S. at 649 ((internal quotation marks and citation omitted).

The respondent notes that more than a month of the one-year limitations period remained after this court dismissed the petitioner's first federal habeas petition on November 15, 2016. In fact, forty-three days remained between the date of the dismissal of the federal habeas petition and the expiration of the limitations period on December 28, 2016. As indicated above, the petitioner waited until January 5, 2017, at the earliest, to attempt to file his motion to vacate the dismissal of his direct appeal by the Connecticut Appellate Court, but at that point, the limitations period had already

expired.

The petitioner offers no explanation for his failure to file the motion to vacate within the limitations period. It is well established that lack of legal representation or ignorance of the law alone cannot constitute an extraordinary circumstance that tolls the AEDPA's one-year statute of limitations. *See, e.g., Doe v. Menefee*, 391 F.3d at 175 ("Particularly because petitioners often are fully capable of preparing and filing their habeas petitions *pro se,* and *pro se* status does not in itself constitute an extraordinary circumstance meriting tolling") (citation omitted); *Strano v. Warden*, No. 3:11CV1810 AWT, 2014 WL 358987, at *3 (D. Conn. Jan. 30, 2014) ("Ignorance of the law does not constitute an extraordinary circumstance to excuse the untimely filing of a federal habeas petition. The Court of Appeals for the Second Circuit and district courts within this circuit are consistent in holding that neither a petitioner's *pro se* status, nor his unfamiliarity with the law, nor his lack of access to legal materials/assistance constitute an extraordinary circumstance that provides a basis to toll the statute of limitations.") (collecting cases); *Francis v. Miller*, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002) (petitioner's assertions that "he has limited education, is ignorant of the law and legal procedure, lacked funds to hire another attorney, had limited access to legal assistance that was available to prisoners, and was allowed limited use of the prison law library ... are not extraordinary circumstances that warrant equitable tolling for the extended period of delay"). Nor are there any facts to suggest that during the forty-three days after this court denied his first federal habeas petition, the petitioner was diligently pursuing his rights by attempting to re-instate his direct appeal.

Accordingly, the court concludes that the petitioner is not entitled to equitable tolling of the limitations period. *See Irizarry v. LaClair*, No. 17-CIV-739 (LAP), 2018 WL 3632508, at *3–6 (S.D.N.Y. July 30, 2018) ("Irizarry fails to make a request for equitable tolling or present any facts or

extraordinary circumstances that would entitle him to such. . . . Accordingly, this Court adopts Judge Parker's Report findings that Irizarry's Petition was untimely and thus barred by the statute of limitations."); *Gunn v. Lajoie*, No. 3:06CV623(CFD), 2007 WL 3119682, at *1 (D. Conn. Oct. 25, 2007) ("Gunn has not offered any reason why he failed to file his state habeas petition earlier or why the limitations period should be tolled. Thus, the court concludes that the current federal petition is time-barred.")

In his memorandum filed in opposition to the motion to dismiss, the petitioner claims that "has been suffering this Miscarriage of Justice/Actual Innocence nightmare for 7 ½ years (and counting)." *See* Pet'r's Mem. at 1. Both the Supreme Court and the Second Circuit have held that a petitioner may avoid dismissal of a habeas petition as barred by the statute of limitations if he or she can assert a convincing or credible claim of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013) (holding that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" to avoid the "expiration of the statute of limitations" but noting that "tenable actual-innocence gateway pleas are rare"); *Rivas*, 687 F.3d at 540 (holding that a petitioner who "present[s] a credible and compelling claim of actual innocence . . . may pass through the *Schlup [v. Delo*, 513 U.S. 298 (1995)] gateway and have his substantive claims heard on the merits, notwithstanding an otherwise unexcused delay in filing his habeas petition.") A convincing claim of actual innocence constitutes an "equitable exception" to the statute of limitations set forth in 28 U.S.C. § 2244(d)(1), rather than a basis to equitably toll the limitations period. *Perkins*, 569 U.S. at 392; *Rivas*, 687 F. 3d at 547 n. 42.

To meet this exception, a petitioner must introduce "new evidence show[ing that] 'it is more likely than not that no reasonable juror would have convicted the petitioner.'" *Perkins*, 569 U.S. at

14

394–95 (quoting *Schlup*, 513 U.S. at 329). A "credible" claim of actual innocence is one that is "supported by 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Rivas*, 687 F.3d at 541 (quoting *Schlup*, 513 U.S. at 324). Additionally, "'[a]ctual innocence' means factual innocence, not mere legal insufficiency." *Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

Neither the allegations set forth in the second amended petition, nor the petitioner's argument in his memorandum filed in response to the motion to dismiss, reveal any new evidence regarding the commission of the crimes for which he was convicted. Although the petitioner makes reference to a "booking video[tape]" that was not disclosed to his attorney until the criminal trial had begun, he does not explain how this videotape would demonstrate that he was factually innocent of the crimes for which he was convicted in light of other evidence and/or testimony that may have been offered or admitted at his criminal trial. *See* Second Am. Pet. at 3-4, 15. Nor does this videotape constitute new evidence. The court concludes that the petitioner has not met the actual innocence exception to 28 U.S.C. § 2244(d)(1). Accordingly, the motion to dismiss is granted on the ground that this action is barred by the statute of limitations.

### III. Conclusion

The Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus [**ECF No. 19**] is **GRANTED** on the ground that the action is barred by the statute of limitations. The Motion for Appointment of Counsel, [**ECF No. 23**], is **DENIED**.

The court concludes that jurists of reason would not find it debatable that the petitioner failed to timely file this action. Thus, a certificate of appealability will not issue. *See Slack v. McDaniel*,

529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling).

The Clerk is directed to enter judgment and close this case.

SO ORDERED at Hartford, Connecticut this 14th day of January, 2019.

                                              _____/s/_____
                                              Michael P. Shea
                                              United States District Judge